CONTINENTAL CASUALTY COMPANY *v.* HAWKINS.

Opinion delivered February 26, 1923.

INSURANCE—CHANGE OF OCCUPATION—REDUCTION OF AMOUNT OF INSURANCE.—In an action on a policy of life insurance a provision in the policy that where insured changed his occupation to one classified by the company as more hazardous than his former occupation, the amount payable should be only the amount of insurance the premium would have bought for him in the more hazardous occupation, is valid.

Appeal from Pulaski Circuit Court, Third Division; *A. F. House,* Judge; reversed.

*Roscoe R. Lynn,* for appellant.

1. There can be no recovery at all, for the reason that appellee breached his warranty in his application, in describing his duties as "Ice checker in factory, not handling," whereas he admits that he did handle ice and was really a laborer. 65 Ark. 298.

2. He cannot recover the amount sued for because he had actually changed his occupation. He is entitled to recover only the amount the premium paid would buy in the more hazardous occupation. 64 So. 732.

*G. Denison Cherry,* for appellee.

1. The term "occupation," as used in an application for accident insurance, is a comprehensive one, and comprehends the incidental as well as the main requirements of one's vocation, etc. 218 Fed. 582, 585; 121 S. W. 785, 786; 55 Hun. 111, 8 N. Y. S. 202.

2. Forfeitures, especially in the case of insurance policies, are not favored in law. 113 Ark. 174, 181; 132 Ark. 546, 549.

3. The materiality and truth of the statements in the application is usually for the jury to determine, as is also the question whether a statement was made with intent to defraud. 1 C. J. 509, § 338; 150 Fed. 92, 80 C. C. A. 46; 133 Ark. 220. Statements should be construed with reference to the time made, unless they expressly or impliedly refer to the future. 90 Ark. 264; 106 Ark. 91. Where the applicant makes a true and full statement of his occupation to the insurer's agent, the company is bound, after loss, by the classification given him by the agent. 92 S. E. 88, 89.

4. The burden of proof was on the insurer. 1 C. J. 496, § 286; 131 Pac. 1084, 1086.

5. Appellant did not plead a forfeiture based on breach of warranty in the application, but in fact relied on the provisions of the pro-rate clause. It cannot main-

tain any such defense here.   95 Ark. 593; 83 Ark. 575, 582; 151 Ark. 554, 557.

6.   The application of the pro-rate provision of the policy was properly refused.   1 C. J. 436, § 83, 3a; 121 N. E. 296, 298; 190 N. W. 97; 96 Wis. 304, 71 N. W. 601; 58 Fed. 342, 7 C. C. A. 264; 1 C. J. 437, § 85c; 121 S. W. 785.

7.   The injury was received while the appellee was at his home after he had been discharged, and while he was out of employment altogether.   His last employment should not be considered as having continued to date of injury.   180 Pac. 200, 202; 172 Pac. 106; 11 Tex. Civ. App. 273; 33 S. W. 133; 37 Pa. Super. 299; 82 Iowa 107; 47 N. W. 783; 31 A. S. R. 466; 11 L. R. A. 299.

HUMPHREYS, J.   Appellee instituted suit against appellant in the Third Division of the Pulaski Circuit Court, upon a personal accident policy, to recover $500 for the accidental loss of an eye.   The issue joined by the pleadings was whether appellee was entitled to $500 or $150.   This was dependent on whether appellee's change in occupation from an "ice checker, not handling" to that of a "laborer in foundry, not handling hot metal," changed his classification from "C" to "XD" within the meaning of the standard *pro rata* clause contained in the policy, which clause is as follows:

"This policy includes the indorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured or contracts sickness after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing an act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreations, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate but within the

limits so fixed by the company for such more hazardous occupation.''

The cause proceeded to a hearing upon the pleadings and evidence, at the conclusion of which appellant requested the court to instruct the jury to return a verdict for $150 which it had tendered into court. The court refused to give the instruction over the objection and exception of appellant, and, over the objection and exception of appellant, sent the case to the jury to ascertain whether employment at the foundry was more hazardous than at the ice company, and, if not, to return a verdict for appellee. The court, over the objection and exception of appellant, had, during the course of the trial, admitted evidence tending to show that the employment at the foundry was less dangerous than that at the ice company.

The jury returned a verdict in favor of appellee for $500, and a judgment was rendered in accordance therewith, from which is this appeal.

Appellant's insistence for reversal is that the court erred in not construing the contract, under the undisputed evidence, to mean that the classification of appellee had been changed from ''C'' to ''XD'' by changing his occupation to one classified by the insurer as more hazardous than the one stated in the policy. The undisputed facts show that appellee stated in his application, which was copied into and made a part of the policy, that he was employed by the ice company in the capacity of ''ice checker, not handling;'' also that the rate and classification manual, which became a part of the policy by express terms therein, shows that a laborer in a foundry, not handling hot metal, was rated and classified as class ''XD;'' also that appellee changed his occupation from that specified and classified in the policy as class ''C'' to that of a laborer in a foundry, not handling hot metal; also that appellant classified the occupation to which appellee changed as more hazardous than his occupation with the ice company.

The contract entered into between appellee and appellant provided that appellant might determine the relative danger between occupations. This being true, and appellee having changed his occupation from one specified and classified in the policy to one classified by appellant as more hazardous than the one stated in the policy, the pro-rate clause in the policy is applicable, and appellee was only entitled to recover the benefits which would have been provided in his policy if he had paid the same amount of premium and had been engaged in the occupation of laborer in foundry, not handling hot metal. Under the undisputed facts and terms of the policy appellee's claim must be pro-rated from class "C" to class "XD," entitling him to a recovery of $150. The trial court should have instructed a verdict for that amount.

On account of the error indicated the judgment is reversed, and judgment is directed to be entered here in accordance with the tender heretofore made.